UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| | ) |
| Plaintiff, | ) Civil Action Case No. 2:13-cv-12218-NGE-DRG |
| | ) |
| v. | ) |
| | ) |
| APRIL HOUSE, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT APRIL HOUSE'S
AFFIRMATIVE DEFENSES**

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 12(f), hereby moves for the entry of an order striking the Affirmative Defenses filed by Defendant April House ("Defendant"), and files this memorandum in support:

**I.     INTRODUCTION**

On July 24, 2013, Plaintiff filed its Amended Complaint against Defendant asserting a single claim for direct copyright infringement. On August 5, 2013, Defendant filed her Answer asserting sixteen (16) affirmative defenses against the Amended Complaint. Plaintiff hereby moves to strike Defendant's First Affirmative Defense (Contributory Negligence), Second Affirmative Defense (Discharge in Bankruptcy), Third Affirmative Defense (Estoppel), Fourth Affirmative Defense (Illegality and/or Fraud), Fifth Affirmative Defense (Illegality of Plaintiff's Actions or Methods), Sixth Affirmative Defense (Prior License), Eleventh Affirmative Defense (Unclean Hands), Thirteenth Affirmative Defense (Implied License), Fourteenth Affirmative Defense (License, Consent, and Acquiescence), and Fifteenth Affirmative Defense (Misuse of

1

Copyright). As explained more fully below, each of the affirmative defenses is insufficient and should therefore be stricken.

II.   **ARGUMENT**

   **A. Legal Standard**

The Court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Fed. R. Civ. P. 12(f)*. "An affirmative defense is insufficient if it is not recognized as a defense to the cause of action." *Kelley v. Thomas Solvent Co.*, 714 F. Supp. 1439, 1442 (W.D. Mich. 1989). Additionally, "a wholly conclusory affirmative defense is not sufficient." *United States v. Quadrini,* 69 Fed. R. Serv. 3d 953 (E.D. Mich. 2007) (holding that the *Twombly* plausibility standard applies to affirmative defenses). *See also Safeco Ins. Co. of Am. v. O'Hara Corp.*, 2008 WL 2558015 at *1 (E.D. Mich. 2008) (same, noting "[b]oilerplate defenses clutter the docket and, further, create unnecessary work. Opposing counsel generally must respond to such defenses with interrogatories or other discovery aimed at ascertaining which defenses are truly at issue and which are merely asserted without factual basis but in an abundance of caution.); *Shinew v. Wszola*, 2009 WL 1076279 at *5 (E.D. Mich. 2009) (same); *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 650 (D. Kan. 2009) (expressly agreeing with *Quadrini*). "A three part test has been developed to determine whether a federal court should strike an affirmative defense: '(1) the matter must be properly pleaded as an affirmative defense; (2) the matter must be adequately pleaded under the requirements of Federal Rules of Civil Procedure 8 and 9; and (3) the matter must withstand a Rule 12(b)(6) challenge.'" *F.T.C. v. Mazzoni & Son, Inc.*, 2007 WL 2413086 at *2 (E.D. Mich. 2007).

"Indeed, the motion to strike under Rule 12(f) is to 'avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.'" *Kelley v. Thomas Solvent Co.*, 714 F. Supp. at 1442 quoting *Kennedy v. City of Cleveland,* 797 F.2d 297, 305 (6th Cir.1986). Accordingly, striking affirmative defenses streamlines the litigation and comports with Fed. R. Civ. P. 1, which provides that the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." *Fed. R. Civ. P. 1.*

### B. Defendant's Affirmative Defenses Are Insufficient and Should be Stricken

#### 1. Defendant's First Affirmative Defense (Contributory Negligence) Should be Stricken

Defendant's First Affirmative Defense should be stricken because it has no application to the present case. Defendant's First Affirmative Defense states that "Plaintiff's claims may be barred due to its contributory negligence." Affirmative Defenses, ¶ 1. Plaintiff's Complaint, however, only contains a single count for direct copyright infringement. Plaintiff did not plead negligence and therefore Plaintiff cannot be found contributorily negligent. "Contributory negligence is conduct on the part of the plaintiff which falls below the standard to which he should conform for his own protection, and which is a legally contributing cause co-operating with the negligence of the defendant in bringing about the plaintiff's harm." *Restatement (Second) of Torts § 463 (1965).* Contributory negligence is not a defense to Plaintiff's cause of action and as a matter of law cannot succeed under any circumstances. Accordingly, Defendant's First Affirmative Defense should be stricken.

### 2. Defendant's Second Affirmative Defense (Discharge in Bankruptcy) Should be Stricken

Defendant's Second Affirmative Defense states "Plaintiff's claims may be barred due to a discharge in bankruptcy." Affirmative Defenses, ¶ 2. Plaintiff's Complaint was filed on May 17, 2013. CM/ECF 1. Since that time, Defendant has provided no information whatsoever to Plaintiff indicating that Defendant is bankrupt. From undersigned's prior experience dealing with opposing counsel, this defense is regularly asserted on behalf of his clients as a boilerplate defense to infringement. Defendant has also failed to provide any factual content showing that this type of lawsuit is dischargeable in bankruptcy. Accordingly, Defendant's conclusory Second Affirmative Defense is insufficient and should be stricken.

### 3. Defendant's Third Affirmative Defense (Estoppel) Should be Stricken

Defendant's Third Affirmative Defense should be stricken as conclusory and contrary to the facts. For her defense, Defendant alleges only that "Plaintiff's claims are barred by the doctrine of estopp[el]." Affirmative Defenses, ¶ 3. "Estoppel requires, among other things, that 'the party to be estopped must have used conduct or language amounting to a representation of material fact' and 'the party asserting estoppel must have detrimentally and justifiably relied on the representation.'" *Bridgeport Music, Inc. v. Justin Combs Pub.*, 507 F.3d 470, 494 (6th Cir. 2007) quoting *Thomas v. Miller,* 489 F.3d 293, 302 (6th Cir.2007) (quotations omitted). Here Plaintiff has not used any conduct or language amounting to a representation of material fact on which Defendant detrimentally relied in committing the alleged infringement. Indeed, the Parties had no contact and were complete strangers prior to the initiation of this lawsuit. Having failed to allege the necessary elements of the alleged Defense, Defendant's Third Affirmative Defense should be stricken.

### 4. Defendant's Fourth Affirmative Defense (Illegality and/or Fraud) and Fifth Affirmative Defense (Illegality of the Claimed Actions or Methods) Should be Stricken

Defendant's Fourth and Fifth Affirmative Defenses asserting fraud and illegality, should be stricken as conclusory. To wit, Defendant's Fourth Affirmative Defense states, "Plaintiff's claims are barred due to its own illegality and/or fraud." *Affirmative Defenses*, ¶ 4. Defendant's Fifth Affirmative Defense states, "Plaintiff's claims are barred due to the illegality of the claimed actions or methods involved in its complaint." *Affirmative Defenses*, ¶ 5. As stated, Defendant's Affirmative Defenses do not satisfy even the liberal pleading requirements of Rules 8 and 9. Without any information or factual basis regarding the grounds upon which each of these affirmative defenses rests, Plaintiff cannot reasonably prepare a response and the relevant scope of discovery cannot be ascertained.[1] Additionally, the Federal Rules of Civil Procedure require that fraud must be pled "with particularity [as to] the circumstances constituting fraud." *Fed. R. Civ. P. 9(b)*. Because they were pled with no factual support and do not comply with federal pleading standards for affirmative defenses, Defendant's Fourth and Fifth Affirmative Defenses should be stricken.

### 5. Defendant's Eleventh Affirmative Defense (Unclean Hands) Should be Stricken

Defendant's Eleventh Affirmative defense merely states, "Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands." *Affirmative Defenses*, ¶ 11. "The concept of unclean hands may be employed by a court to deny injunctive relief where the party applying for such relief is guilty of conduct involving fraud, deceit, unconscionability, or bad faith related to the matter at issue to the detriment of the other party." *Performance Unlimited, Inc. v. Questar*

---

[1] In the alternative to striking Defendant's affirmative defenses, Plaintiff moves for the entry of an order requiring a more definite statement of Defendant's affirmative defenses pursuant to Fed. R. Civ. P. 12(e) which states, "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." *Id.*

*Publishers, Inc.*, 52 F.3d 1373, 1383 (6th Cir. 1995).   "The doctrine of unclean hands requires that the alleged misconduct on the part of the plaintiff relate directly to the transaction about which the plaintiff has made a complaint." *Id.* "[B]road affirmative defenses such as waiver, estoppel, or unclean hands may be stricken where these defenses are alleged in conclusory fashion without any factual basis, thereby depriving plaintiff a fair notice of the grounds upon which the defense rests." *Glover v. Mary Jane M. Elliott, P.C.*, 2007 WL 2904050 (W.D. Mich. Oct. 2, 2007).

Here, Defendant has omitted any factual basis on which his affirmative defense rests and has not asserted any behavior by Plaintiff that may qualify as unclean hands.  His conclusory affirmative defense provides no notice to Plaintiff as to the basis for the defense.  Accordingly, Defendant's Eleventh Affirmative Defense is insufficiently pled and should therefore be stricken.

### 6. Defendant's Sixth Affirmative Defense (Prior License) Should be Stricken

Defendant's Sixth Affirmative Defense states, "Plaintiff's Complaint may be barred by its prior license to Defendant." Affirmative Defenses, ¶ 6.  As stated above, prior to this lawsuit Plaintiff and Defendant were total strangers.  Accordingly, Plaintiff never granted Defendant a license to download and distribute the subject works through the BitTorrent protocol.  Indeed, the Amended Complaint states that "Plaintiff did not authorize, permit or consent to Defendant's distribution of its works." CM/ECF 6, at ¶ 30.  Being factually baseless and unsupportable, Defendant's Sixth Affirmative Defense should be stricken.

### 7. Defendant's Thirteenth Affirmative Defense is Insufficient and Should be Stricken

Defendant's Thirteenth Affirmative Defense should be stricken as insufficient and directly contrary to the pleadings.  Defendant's Thirteenth Affirmative Defense states, "Plaintiff authorized, impliedly or explicitly, the allegedly infringing sharing of its works via BitTorrent

6

and, the claims are therefore barred by the doctrine of implied license." *Affirmative Defenses*, ¶ 13. Defendant has failed to allege a single element necessary to find the existence of an implied license.

Although the Copyright Act does not permit the exclusive transfer of copyright ownership absent a writing, a court may find that a nonexclusive license has been implied by either the conduct of, or an oral agreement between, the parties involved. *See Johnson v. Jones*, 149 F.3d 494, 500 (6th Cir. 1998) ("[a] non-exclusive license may be granted orally, or may be implied from conduct." citing M. Nimmer and D. Nimmer, *3 Nimmer on Copyright § 10.03[A]*, at 10-38 (1994)). "An implied license will only be found in narrow circumstances where 'one party created a work at the other's request and handed it over, intending that the other copy and distribute it.'" *Tang v. Putruss*, 521 F. Supp. 2d 600, 608 (E.D. Mich. 2007) (citation omitted).

None of the prongs of the above test can be met in this instance. First, Defendant cannot allege that he or she requested the work in question from Plaintiff. This is because prior to this lawsuit, Plaintiff and Defendant were total strangers. Second, in the context of <u>unauthorized</u> file sharing, under no set of circumstances can Defendant establish that Plaintiff created the work and delivered it to Defendant pursuant to a "meeting of the minds." *See, e.g., Ulloa v. Universal Music and Video Distribution Corp.*, 303 F.Supp.2d 409, 416 (S.D.N.Y. 2004) ("In order to establish an implied license, as for any implied contract, they must prove that there was a meeting of the minds."); *Duval Sulphur & Potash Co. v. Potash Co. of America*, 244 F.2d 698, 701 (10th Cir. 1957) ("To create an implied agreement one must have a meeting of the minds as in any contract, the variance from an express agreement being only the character of the evidence used to establish it."). Third, under the facts in this case, Plaintiff clearly did not intend for Defendant to copy and distribute the work, since it is now suing Defendant for infringement.

7

*See, e.g., Luar Music Corp. v. Universal Music Group, Inc.*, 861 F.Supp.2d 30, 37 (D.P.R. 2012) ("Nonexclusive licenses may be granted if the copyright owner does not object to the putative infringer's use of copyrighted material.").

Having failed to allege a single element necessary for an implied license and with no factual support for her affirmative defense, Defendant's Thirteenth Affirmative Defense is insufficient and should be stricken.

### 8. Defendant's Fourteenth Affirmative Defense (License, Consent, and Acquiescence) Should be Stricken

Defendant's Fourteenth Affirmative Defense states, "Plaintiff's claims are barred . . . by its license, consent, and acquiescence in that alleged infringing activity." Affirmative Defenses, ¶ 14. Defendant's Fourteenth Affirmative Defense is insufficiently pled and cannot succeed under any set of circumstances. First, Plaintiff's Amended Complaint expressly states that Plaintiff did not consent to Defendant's infringement. *See* Amend. Compl., at ¶ 30 ("Plaintiff did not authorize, permit or consent to Defendant's distribution of its works."). Next, Plaintiff did not license its work to Defendant. Defendant cannot in good faith maintain an argument to the contrary since it is undisputed that prior to this lawsuit, Plaintiff and Defendant were strangers and therefore Defendant never received a license from Plaintiff.

As for Defendant's acquiescence defense, in order to prevail Defendant must produce evidence that: "(1) Plaintiff actively represented that he would not assert a right or a claim; (2) the delay between the active representation and assertion of the right or claim was not excusable; and (3) the delay caused the defendant undue prejudice." *Thornton v. J Jargon Co.*, 580 F. Supp. 2d 1261, 1282 (M.D. Fla. 2008) citing *SunAm. Corp. v. Sun Life Assur. Co. of Canada,* 77 F.3d 1325, 1334 (11th Cir.1996) (Lanham Act case). *See also Sony BMG Music Entm't v. Tenenbaum*, 672 F. Supp. 2d 217, 233 (D. Mass. 2009) (citing *Thornton* in well-known online

8

copyright infringement case involving peer-to-peer file sharing and holding that the defense fails on its merits).

Here, Defendant has not alleged the necessary elements of the defense nor could she since, Plaintiff and Defendant were total strangers prior to this litigation and therefore Plaintiff could not have actively represented to Defendant that it would not assert a right or a claim. Accordingly, Defendant's Fourteenth Affirmative Defense should be stricken.

### 9. Defendant's Fifteenth Affirmative Defense (Copyright Misuse) Should be Stricken

Defendant's Fifteenth Affirmative Defense for misuse of copyright should be stricken as conclusory and inapplicable to this case. "To establish copyright misuse, a defendant must establish either '(1) that [the plaintiff] violated the antitrust laws, or (2) that [the plaintiff] illegally extended its monopoly beyond the scope of the copyright or violated the public policies underlying the copyright laws' . . . The Sixth Circuit has neither accepted nor rejected the copyright misuse defense." *Microsoft Corp. v. Compusource Distributors, Inc.*, 115 F. Supp. 2d 800, 810 (E.D. Mich. 2000).

Here, Defendant only makes the "bare bones" allegation that "Plaintiff's claims are barred . . . based on its misuse of the copyright act and protections afforded therein." Affirmative Defenses, ¶ 15. This allegation is conclusory and fails to allege any element of the defense. Defendant has not alleged that Plaintiff violated the antitrust laws, attempted to illegally extend its monopoly beyond the scope of the copyright, or otherwise sought to violate the public policies underlying the copyright laws. *Compusource Distributors*, *supra*. Significantly, all Plaintiff has ever done with respect to its copyrights is bring suits to enforce them; as a matter of law, doing so is not copyright misuse. *See, e.g., Advanced Computer Services of Michigan, Inc. v. MAI Sys. Corp.*, 845 F. Supp. 356, 370 (E.D. Va. 1994) (finding no

9

misuse where company infringed copyright in software and copyright holder merely sought to enforce its copyright.) See also *Serv. & Training, Inc. v. Data Gen. Corp.*, 963 F.2d 680, 690 (4th Cir. 1992) (finding no misuse where "[defendant] did [nothing] beyond . . . activity that is protected as an exclusive right of a copyright owner [under] 17 U.S.C. § 106."); *Arista Records, Inc. v. Flea World, Inc.*, 356 F. Supp. 2d 411, 428 (D.N.J. 2005) ("Defendants allege only that Plaintiffs have filed lawsuits and otherwise sought to enforce their copyrights. This allegation, however, is insufficient as a matter of law to state a copyright misuse claim, as the fact of enforcing a valid copyright, without more, simply cannot constitute copyright misuse.")

Defendant's Fifteenth Affirmative Defense thus fails as a matter of law and should be stricken.

### III. CONCLUSION

For each of the foregoing reasons, Plaintiff respectfully requests this Court grant Plaintiff's Motion to Strike Defendant's affirmative defenses.

**WHEREFORE,** Plaintiff, Malibu Media, LLC, respectfully requests entry of an order:

(A)    Granting Plaintiff's Motion to Strike Defendant's Affirmative Defenses;

(B)    Striking Defendant's Affirmative Defenses; and

(C)    Granting Plaintiff such other and further relief as this Court deems just and proper.

Dated:  August 26, 2013

Respectfully submitted,

NICOLETTI & ASSOCIATES, PLLC

By: /s/ *Paul J. Nicoletti*
Paul J. Nicoletti, Esq. (P44419)
36880 Woodward Ave, Suite 100
Bloomfield Hills, MI 48304
Tel: (248) 203-7800
Fax: (248) 203-7801
E-Fax: (248) 928-7051
Email: paul@nicoletti-associates.com
*Attorneys for Plaintiff*

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(2)(B), I hereby certify that counsel for Plaintiff has made a good faith effort to resolve by agreement the issues raised in the motion by attempting to confer with all parties and non-parties who may be affected by the relief sought. Counsel for Plaintiff called opposing counsel although opposing counsel could not be reached. A voice mail message was left regarding the subject motion but no return call was received. Accordingly, the parties were unable to reach an agreement with respect to the relief requested herein prior to the deadline for filing this motion.

By: /s/ *Paul J. Nicoletti*

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2013 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ *Paul J. Nicoletti*