UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALIBU MEDIA, LLC,

   Plaintiff,

v.

APRIL HOUSE,

   Defendant.
                /

Case No. 13-12218

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES [13]**

  This matter comes before the Court on Plaintiff Malibu Media, LLC's motion to strike Defendant April House's affirmative defenses. *See* Fed. R. Civ. P. 12(f). Plaintiff's amended complaint alleges a single claim for direct copyright infringement in violation of the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101, *et seq.* (the "Copyright Act"). Defendant's "bare-bones" answer asserts 16 affirmative defenses. Plaintiff's motion seeks to strike 10 of the 16 affirmative defenses. For the reasons stated below, Plaintiff's motion is GRANTED IN PART and DENIED IN PART.

  Although this matter was originally scheduled to be heard on November 13, 2013, the Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. L.R. 7.1(f)(2).

**I. Background**

  Plaintiff alleges that Defendant April House directly infringed on its copyrighted work using a peer-to-peer file sharing service known as BitTorrent to download, copy, and

distribute Plaintiff's copyrighted movies. (Am. Compl., ¶¶ 27-32.) Plaintiff further alleges that, as a result of its investigator's work, it concluded that, "[a]s the subscriber in control of the IP address being used to distribute Plaintiff's copyrighted movies, Defendant is the most likely infringer." (*Id.* at ¶¶ 22-24.) For relief, Plaintiff seeks a permanent injunction, statutory damages of $150,000 per infringed work, and reasonable attorney fees and costs as allowed under the Copyright Act.

Defendant's "bare-bones" answer denies each allegation in the amended complaint and asserts 16 affirmative defenses. In her Response, Defendant complains that the claimed copyright violation alleged against her is based solely upon Plaintiff's speculation that she was the individual using the identified IP address at the time Plaintiff's adult content video works were downloaded and/or distributed. Defendant also raises arguments questioning Plaintiff's investigator's methodology for identifying alleged copyright violators.

## II. Analysis

### A. Standard of Review

A "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A defense is insufficient "if as a matter of law, the defense cannot succeed under any circumstances." *Hahn v. Best Recovery Servs, LLC*, No. 10-12370, 2010 WL 4483375, *2 (E.D. Mich. Nov. 1, 2010) (Duggan, J.) (internal quotation marks and citations omitted). A Rule 12(f) motion is also proper "if it aids in eliminating spurious issues before trial, thereby streamlining the litigation." *Id.* (internal quotations marks and citation omitted). "Generally, however, a Rule 12(f) motion should not be granted if the insufficiency of the defense is not clearly apparent,

or if it raises factual issues that should be determined on a hearing on the merits." *Id.* (internal quotation marks and citation omitted).  Motions seeking to strike an affirmative defense are disfavored and should be used sparingly.  As observed by the Sixth Circuit, this "is a drastic remedy to be resorted to only when required for purposes of justice.  The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953) (internal quotation marks and citations omitted).

The courts have developed a three-part test when determining whether to strike an affirmative defense:

> (1)  the matter must be properly pleaded as an affirmative defense;  (2) the matter must be adequately pleaded under the requirements of Federal Rules of Civil Procedure 8 and 9; and (3) the matter must withstand a Rule 12(b)(6) challenge – in other words, if it is impossible for defendants to prove a set of facts in support of the affirmative defense that would defeat the complaint, the matter must be stricken as legally insufficient.

*FTC v. Mazzoni & Son, Inc.*, No. 06-15766, 2007 WL 2413086, *2 (E.D. Mich. Aug. 14, 2007) (Feikens, J.) (internal quotation marks and citation omitted).

**B.  Challenged Affirmative Defenses**

Plaintiff's motion seeks to strike 10 of Defendant's 16 affirmative defenses:

<u>Affirmative</u>
<u>Defense</u>         <u>alleging claims are or may be barred due to:</u>
   1.         Plaintiff's contributory negligence;
   2.         a discharge in bankruptcy;
   3.         the doctrine of estoppel;
   4.         Plaintiff's own illegality and/or fraud;
   5.         Plaintiff's illegal actions or methods;
   6.         Plaintiff's prior license to Defendant;
  11.        Plaintiff's unclean hands;
  13.        Plaintiff's authorization, impliedly or explicitly, for the allegedly
          infringing sharing of its works via BitTorrent created
          an implied license;

    14.        Plaintiff's license, consent, and acquiescence in the alleged infringing activity; and

    15.        Plaintiff's misuse of the Copyright Act and its protections.

(Def.'s Ans. & Affirm. Defenses.)  The Court now considers which, if any, of these affirmative defenses should be stricken.

### 1. Contributory Negligence and Discharge in Bankruptcy Defenses Stricken

Defendant's first and second affirmative defenses alleging contributory negligence and discharge is bankruptcy are STRICKEN because Defendant cannot succeed on either defense under any circumstances.  As to the first, Plaintiff's amended complaint alleges a single count for direct copyright infringement, not negligence, and thus there can be no defense of contributory negligence.  Second, neither Defendant's answer nor its response assert any facts indicating that she is bankrupt or supporting a defense that Plaintiff's sole claim of direct copyright infringement is dischargeable in bankruptcy.

### 2. Affirmative Defenses of Estoppel, Illegality and/or Fraud, Illegal Actions or Methods, Unclean Hands

For her third affirmative defense, House assets merely that "Plaintiff's claims are barred by the doctrine of estopple [sic]." (Ans. & Aff. Defs. at ¶ 3.)  There are no other facts to support this assertion.  Although this barebones conclusion is insufficient, the Court will construe Plaintiff's motion as a Rule 12(e) motion for more definite statement and give Defendant House 14 days from entry of this Order to file an amended answer and affirmative defenses alleging facts supporting the necessary elements of this affirmative defense. *See Malibu Media LLC v. Reeves*, No. 1:12-cv-00841-SEB-MJD, 2013 WL 5487372, *1 (S.D. Ind. Sept. 27, 2013) (observing that although "[m]eritless defenses that are nothing but barebones conclusory allegations that omit any short and plain statements

4

of fact and/or fail to allege the necessary elements of the alleged defenses are insufficient pleadings for which the Court may strike," but allowing the defendant "a chance to amend his answer" to comply with these Rule 12(e) requirements).

Defendant House's fourth, fifth, and eleventh affirmative defenses are similarly barebones, but the Court will give Defendant House 14 days from entry of this Order to amend and provide factual allegations supporting the necessary elements of her affirmative defenses of "illegality and/or fraud," "Illegal actions or methods," and "unclean hands."[1] Defendant's motion to strike as to these affirmative defenses is DENIED WITHOUT PREJUDICE.

### 3. Affirmative Defenses of Prior License, Authorization, Implied License, Consent or Acquiescence in Alleged Infringing Activity

In addition to the above affirmative defenses, Defendant House's sixth (prior license), thirteenth (authorization, implied or explicit, for allegedly infringing sharing of works via Bit-Torrent), and fourteenth (license, consent, and acquiescence in alleged infringing activity) affirmative defenses each seek to justify Defendant's alleged infringement based on Plaintiff's conduct aimed at enforcing its copyright. In her Response, Defendant argues that "Plaintiff's so-called investigators (i.e. IPP) appear to be actively involved in the dissemination of the copyrighted materials that they are seeking to protect [because] as swarm participants, Plaintiff's investigators (based on their own description) are both simultaneously acquiring and disseminating the copyrighted material . . . . and thus [give

---

[1] Plaintiff's motion to strike alternatively invokes Rule 12(e) and asks for an order requiring Defendant to provide a more definite statement of her fourth and fifth affirmative defenses. The Court is extending that requested order to also cover Defendant's third, sixth, eleventh, thirteenth, and fourteenth affirmative defenses.

5

rise to] an issue as to whether Plaintiff (through its agents) are [sic] making the works available through an implied license." (Resp. at 8.) Defendant further responds that further inquiry is "necessary to determine issues as to whether the nature of Plaintiff's distribution of its content would give rise to a claim that there was an implied license, consent, or acquiescence with regard to the exchange and/or distribution of their content." (*Id.*)

Once again, in her answer and affirmative defenses, Defendant House does not provide the detailed facts stated in her Response. Accordingly, this Court will give Defendant House 14 days from entry of this Order to amend and provide factual allegations supporting the necessary elements of each of these affirmative defenses. Defendant's motion to strike as to these affirmative defenses is DENIED WITHOUT PREJUDICE.

### 4. Affirmative Defense of Misuse of Copyright is Stricken

Defendant's fifteenth affirmative defense alleges that "Plaintiff's claims are barred, in whole or in part based on its misuse of the copyright act and protections afforded therein." (Ans. & Aff. Defs. at ¶ 16.) Plaintiff argues that this affirmative defense should be stricken as conclusory and inapplicable to this case. In light of Defendant House's failure to respond to this argument or otherwise support her affirmative defense, this Court STRIKES Defendant's fifteenth affirmative defense.

### III. Conclusion

For the above stated reasons, Plaintiff's motion to strike is GRANTED as to Defendant House's first, second, and fifteenth affirmative defenses, and DENIED WITHOUT PREJUDICE as to her third, fourth, fifth, sixth, eleventh, thirteenth, and fourteenth affirmative defenses. As to her third, fourth, fifth, sixth, eleventh, thirteenth, and fourteenth affirmative defenses, Defendant House shall, within 14 days from entry of this Order,

amend and provide factual allegations supporting the necessary elements of each of these affirmative defenses.

 SO ORDERED.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: November 7, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 7, 2013, by electronic and/or ordinary mail.

        s/Johnetta M. Curry-Williams
        Case Manager
        Acting in the Absence of Carol A. Hemeyer