UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| Plaintiff, | ) Civil Case No. 2:13-cv-12218-NGE-DRG |
| v. | ) |
| APRIL HOUSE, | ) |
| Defendant. | ) |

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S
DISCOVERY RESPONSES**

Plaintiff, Malibu Media, LLC, by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 37, hereby moves for entry of an Order Compelling Defendant, April House ("Defendant"), to respond to Plaintiff's First Set of Interrogatories and First Request for Production of Documents, and in support hereof, states:

**I.    INTRODUCTION**

Defendant's responses to Plaintiff's Interrogatories and Request for Production are deficient and incomplete. Significantly, Defendant's answers assert boilerplate and frivolous objections, and either answer only a portion of the request or fail to respond to the request altogether. Defendant's failure to produce all documents and provide complete responses to Plaintiff's interrogatories has prejudiced Plaintiff and unduly delayed Plaintiff's ability to prepare for trial. For the foregoing reasons as explained more fully below, this Court should grant the subject Motion.

**II.   FACTS**

On August 26, 2013, the Court entered a scheduling order stating that all discovery must be completed by January 3, 2014. On August 28, 2013, Plaintiff propounded its First Set of

1

Interrogatories and Request for Production on Defendant. On September 19, 2013, Plaintiff received Defendant's responses to Plaintiff's requests. *See* Exhibit A. On November 5, 2013, undersigned sent Defendant's counsel a detailed letter describing each of the deficiencies in Defendant's responses to Plaintiff's discovery requests. *See* Exhibit B. Undersigned also suggested a date and time for a phone conference between the two parties to discuss the issues raised in the letter. On November 11, 2013, Defendant's counsel responded to Plaintiff's letter addressing the discovery deficiencies. *See* Exhibit C. While the parties were able to resolve some issues, most remain unresolved. Accordingly, Plaintiff is seeking adequate responses to Interrogatories Nos. 15, 20, and 21 and Requests for Production Nos. 1, 3, 4, 5 and 12.

### III.   LEGAL STANDARD

A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…[.]" Fed. R. Civ. P. 26(b)(1). "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action…[r]elevant information need not be admissible… if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Federal Rule 37(a)(4) states that an "incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." If a party fails to answer an interrogatory or respond to a document request, the discovering party may move for an order compelling such answer or response. *See* Fed. R. Civ. P. 37(a)(3)(B). Objections to interrogatories must be stated with specificity. *See* Fed. R. Civ. P. 33(b)(4). "The burden of proof is on the objecting party to show in what respect an interrogatory is improper." *Kafele v. Javitch, Block, Eisen & Rathbone*, 2005 WL 5095186 at * 1 (S.D. Ohio, 2005). Similarly, objections to requests for production must state the reasons for the objections. *See* Fed. R. Civ. P. 34(b)(2)(B). "The mere statement

2

by a party that an interrogatory or request for production is overly broad, burdensome, oppressive and irrelevant is not adequate to voice a successful objection." *Kafele v. Javitch, Block, Eisen & Rathbone*, 2005 WL 5095186 at * 1 (S.D. Ohio, 2005). And, courts "strongly [condemn] the practice of asserting boilerplate objections to every discovery request." *Carfagno v. Jackson Nat'l Life Ins. Co.*, 2001 WL 34059032 at *4 (W.D. Mich., 2001). "Such objections are tantamount to no objection at all." *Cumberland Truck Equip. Co. v. Detroit Diesel Corp.*, 2007 WL 4098727 at *1 (E.D. Mich., 2007).

Upon granting a motion to compel "[t]he court must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion … to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). A court must grant this payment when the movant has made an attempt in good faith to obtain the disclosure or discovery without court action, the opposing party's nondisclosure or responses were not substantially justified, and the award of expenses is just. *See* Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

IV. **ARGUMENT**

    A. **Defendant has Failed to Comply with Fed. R. Civ. P. 33 by Not Adequately Responding to Plaintiff's Interrogatories**

        1. **Defendant's Answer to Interrogatory No. 15 is Incomplete**

Plaintiff's Interrogatory No. 15:

Identify each BitTorrent Client, in other words software program that enables the BitTorrent protocol to work, which is or has ever been installed on one of the Computer Devices in your home.

Defendant's Response:

OBJECTION: Defendant objects to the nature of this interrogatory in that it is not related to the instant action, is overly broad, unduly burdensome, and part of a calculated strategy intended to threaten Defendant with an intrusive invasion of unrelated personal information as retaliation for her failure to

3

submit to Plaintiff's extortion tactics. Plaintiff's complaint specifically alleges that the download and/or exchange of its copyrighted material was conducted through a BitTorrent swarm exchange in which Defendant's IP address was identified to that extent the use of any other peer-to-peer file sharing programs is outside the scope of Plaintiff's claims and not relevant to the alleged acts of copyright infringement on the Subject Day. Furthermore, Defendant objects to the nature of the term BitTorrent in that it was one of a number of peer-to-peer programs using the torrent name in part and fails to identify whether the subject of the request is limited to the proprietary name BitTorrent, or other different programs using a variant of the name for which some examples are: Torrentz, ISO Hunt, Seedpeer, 1337x.org, Fenopy, Torrentscope, Only Torrents, Sumotorrents, Torrentcrazy, Torrentdownloads, Kickasstorrents, torrentreactor, etc. ANSWER SUBJECT TO OBJECTION: Notwithstanding said objection, Defendant asserts that to the best of her knowledge and/or belief after conducting a good faith inquiry into the above caption requests that a Torrent file program may have been utilized on one or more of the computer devices identified in response to interrogatory question number 4.

Plaintiff seeks the name of the BitTorrent clients installed on any of the computer devices in Defendant's home. Defendant's response acknowledges that such a program may have been installed on one or more of the computer devices in her home, yet she fails to identify the name of the program. The name of the BitTorrent client is relevant to Plaintiff's copyright infringement claim because Plaintiff's investigator can detect the exact BitTorrent client used to commit the infringement. The name of the BitTorrent client can therefore directly implicate Defendant. Thus, Defendant's objection that Plaintiff's interrogatory is "not related to the instant action," is frivolous and because Defendant failed to include the name of the BitTorrent client used, her response is incomplete.

To the extent that Defendant asserts the boilerplate objections that Plaintiff's interrogatory seeks irrelevant information and is "overly broad [and] unduly burdensome," Defendant's objections were not stated with specificity as required by Fed. R. Civ. P. 33(b)(4). Further, Defendant's objection regarding the confusion of the term "BitTorrent" is groundless because within the same sentence, Defendant demonstrates knowledge of various BitTorrent

clients. Plaintiff's Complaint and discovery requests make clear that the term "BitTorrent client" refers to a peer-to-peer file sharing and distribution program. There are numerous programs that fall into this category, some of which are listed in Defendant's response. Therefore, Defendant's objection is merely an attempt to frustrate and delay the discovery process. Plaintiff seeks a complete answer to its interrogatory.

### 2. Defendant's Answer to Interrogatory No. 20 is Incomplete

Plaintiff's Interrogatory No. 20:

Which internet browsers do you use and have you searched for X-Art, Malibu Media, or torrent files?

Defendant's Response:

OBJECTION: Defendant objects to the nature of this interrogatory in that it is compound in nature and cannot be answered in its individual components without incorporating an affirmative response to the second part of the questions (i.e. that Defendant has in fact viewed X-Art, Malibu Media or other torrent files though his internet browser). ANSWER SUBJECT TO OBJECTION: Notwithstanding said objections, Defendant asserts that to the best of her knowledge and/or belief after conducting a good faith inquiry into the above caption requests that she has utilized Windows Explorer and/or Mozilla Firefox as internet browsers for each of the computer devices that he used or that were in his care custody and control.

Plaintiff's interrogatory seeks the names of the internet browsers Defendant uses and if Defendant's computer was used to search for X-Art, Malibu Media, or torrent files. Defendant lists two internet browsers, but fails to state whether she searched for X-Art, Malibu Media, or torrent files. Accordingly, Defendant's response is incomplete. Defendant's browsing history as it relates to the search of Plaintiff's works and torrent files is highly relevant to this case. This inquiry relates to Defendant's interest in Plaintiff's work and her use of torrent files, both of which demonstrate the likelihood of the copyright infringement of Plaintiff's works.

Defendant objected on the basis that the interrogatory is compound, and that the interrogatory calls for an affirmative response. Plaintiff's interrogatory is not compound. If the

subparts to an interrogatory are necessarily related to the "primary question," the subparts should be counted as one interrogatory rather than as multiple interrogatories. *See Harhara v. Norville*, 2007 WL 2897845 at *1 (E.D. Mich., 2007). In this instance, an individual can *only* search for Plaintiff's content and torrent files using an internet browser. Therefore, the second component of the interrogatory is directly related to the primary question, to which Defendant failed to provide a complete answer. Plaintiff's interrogatory does not call for an affirmative response because if Defendant has not searched for Plaintiff's content, she can answer in the negative. Therefore, Defendant's objections are meritless and her response is incomplete.

3. **Defendant's Answer to Interrogatory No. 21 is Incomplete**

Plaintiff's Interrogatory No. 21:

Have you ever knowingly downloaded a song, movie, game, software program or computer file from a file sharing service? For purposes of your answer "file sharing service" should be interpreted to mean any peer-to-peer, streaming, one click, storage locker or other type of service that provides content for free or for a monthly subscription. Examples of these types of services include but are limited to Napster, Limewire, BitTorrent, MegaUpload, Piratebay, Utorrent, Extratorrent and Grokster.

Defendant's Response:

OBJECTION: Defendant objects to the nature of this interrogatory it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Specifically, Plaintiff lack standing to assert any claims with regard to any downloaded or distributed content other than its own works therefore, other works that may have been downloaded, streamed, or clicked on are immaterial to the claims at issue. In addition, Defendant objects to the nature of the request as phrased in that it is compound in nature and included acts of exchange that are entirely lawful and seeks to utilize the defined lawful downloads, viewing, and subscription based exchange as being tantamount or equivalent to unlawful distribution through one of numerous media distribution system. The answers to each implies individualized facts and assumptions that cannot reasonable be responded to in the current form. ANSWER SUBJECT TO OBJECTION: Notwithstanding said objections, Defendant asserts that to the best of her knowledge and/or belief after conducting a good faith inquiry into the above caption requests she has never downloaded any media content (i.e. audio, video, etc.) associated with Plaintiff's registered works nor has she utilized any file sharing programs.

This interrogatory asks if the Defendant has ever knowingly downloaded a song, movie, game, software program, or computer file from a file sharing service. Defendant's response states that she has never downloaded any media content associated with Plaintiff's registered works nor has she utilized any file sharing programs. Defendant's response fails to answer the interrogatory with respect to third party content. Further, it is unclear whether Defendant denies using file sharing programs with respect to Plaintiff's content only or denies *ever* using a file sharing program.

The purpose of this interrogatory is to ascertain Defendant's familiarity with and knowledge of peer-to-peer file sharing software and networks. This is relevant to the argument that Defendant had the necessary knowledge and skill to download Plaintiff's copyrighted works. Defendant objects to the interrogatory claiming that: (1) Plaintiff lacks standing to assert claims with regard to content other than its own works; (2) the interrogatory is compound; and (3) it includes acts of exchange that are lawful. First, Plaintiff is not asserting claims with regard to content other than its own works. The Complaint clearly only asserts claims for the infringement of Plaintiff's works and not those belonging to third parties. Second, Plaintiff's interrogatory is not compound. As previously stated, if the subparts to an interrogatory are necessarily related to the 'primary question,' the subparts should be counted as one interrogatory rather than as multiple interrogatories. *See Harhara v. Norville*, 2007 WL 2897845 at *1 (E.D. Mich., 2007). The primary question asks about downloading content from a file sharing service, and merely suggests the types of content that may have been downloaded (songs, movies, games, software, or other computer programs) which all relate to the primary question. Finally, whether or not Defendant uses legal subscription services is relevant to Plaintiff's claim for copyright infringement and Defendant's objection is invalid.

7

**B. Defendant has Failed to Comply with Fed. R. Civ. P. 34 by Not Adequately Responding to Plaintiff's Requests for Production**

    **1. Defendant Failed to Produce the Documents Requested in Nos. 1 and 12**

Plaintiff's Request No. 1:

A complete copy of the hard drive for each of the Computer Devices in your house, apartment or dwelling.

Defendant's Response:

Upon entry and agreement of a suitable protective order and electronic discovery protocol Defendant agrees to produce and/or make available any household computer devices in her care custody and/or control for purposes of allowing Plaintiff and/or its forensic experts the opportunity to perform a mirror image copying of the hard drive for their inspection and review.

Plaintiff's Request No. 12:

A complete copy of any files stored on any video game consoles in your possession.

Defendant's Response:

Defendant maintains a Wii video game console. Upon entry and agreement of a suitable protective order and electronic discovery protocol Defendant agrees to produce and/or make available the Wii counsel for purposes of allowing Plaintiff and /or its forensic experts the opportunity to perform a mirror image copying of the hard drive for their inspection and review.

Request Nos. 1 and 12 both seek a mirror image of the electronic hard drives located within Defendant's residence. This includes computer devices, tablets, external storage devices, and video game consoles. "[W]here the computer itself is at the heart of the litigation-where it is, in effect, an instrumentality of the alleged copyright infringement-it is plainly relevant under Fed. R. Civ. P. 26(b)," and Plaintiff must be permitted to examine it. *Capitol Records, Inc. v. Alaujan*, 2009 WL 1292977 at *1 (D. Mass., 2009) (allowing Plaintiff to examine Defendant's hard drive subject to a protective order). As such, "inspection of a computer's contents is frequently permitted in cases involving copyright infringement." *Dassault Systemes, S.A. v.*

8

*Childress*, 2012 WL 993959 at *2 (E.D. Mich., 2012). Plaintiff's infringement claim is based on Defendant's use of the BitTorrent network to copy and distribute its copyrighted works. Because BitTorrent clients and torrent files may be located on computer hard drives, external storage devices, and video game consoles, a complete copy of each is discoverable.

Defendant agreed to provide copies of the hard drives subject to a suitable protective order. Accordingly, Plaintiff submitted a proposed protective order to Defendant on November 5, 2013. Defendant sent a revised proposed order to undersigned on November 8, 2013. However, Defendant's revised order restricted Plaintiff's ability to examine the hard drive by limiting Plaintiff's investigator's examination of the hard drive to only specific search terms. Defendant's counsel failed to state a valid reason for attempting to impose this restriction.

Notably, the forensic examination of a computer hard drive is not a scan for a series of search terms. Rather, it is an examination of the hard drive as a whole. "Often, the process of analyzing a computer's hard drive can take several weeks or months. Depending on the size of the hard drive, making a forensic copy and verifying the accuracy of that copy could take more than a business day. Thereafter, work is performed on the forensic copy to ascertain if the peer-to-peer client and copyrighted works are on the hard drive. If not, the process continues by searching for evidence of deletions or spoliation. When there have been deletions or spoliation, the process of uncovering that fraud is a labor intensive and time consuming process which takes weeks or months. Further, all of the files on a hard drive which have been spoiled are potentially relevant. Indeed, proving that a hard drive has missing files requires an analysis of the files that are remaining on the hard drive. In light of the foregoing, it is unreasonable to impose a condition that the investigation be limited[.]" *See Malibu Media, LLC v. Mark Fitzpatrick*, 1:12-cv-22767-PAS, (S.D. Fla. July 22, 2013), Declaration of Patrick Paige, CM/ECF 25-4, at ¶ 39.

9

Therefore, it is unreasonable to impose a restriction that the investigation be limited to specific enumerated search terms and variations thereof.

In the Bellwether trial, a forensic examination of the Defendant's hard drive revealed that he had wiped clean his computer and installed a new operating system to conceal the infringements. *See Malibu Media, LLC v. John Does 1, 6, 13, 14*, 2013 WL 3038025 (E.D. Pa., 2013). In that case, a lexical search would not have produced any evidence of infringement and the defendant would have succeeded in defrauding the Plaintiff and the Court. Indeed, forensic examination of the hard drive revealed that the defendant had reformatted the hard drive after Plaintiff requested its production. Thus, the Court found defendant's "wiping clean of his computer in attempting to cover up the fact that he had downloaded the BitTorrent software, as well as five of Malibu's movies, required a substantial penalty." *Id.*, at *8.

A protective order limiting Plaintiff's examination of the relevant hard drives to an enumerated list of search terms would bar Plaintiff from conducting a proper examination of the hard drive. Therefore, Defendant's attempt to limit the examination is improper and denies Plaintiff production.

### 2. **Defendant's Answers To Request Nos. 3 and 4 are Incomplete**

Plaintiff's Request No. 3:

All documents referring, relating to or comprising records associated with the purchase of a Computer Device.

Plaintiff's Request No. 4:

All documents referring, relating to or comprising records associated with the purchase of a modem or wireless router.

Defendant's Response to both Request Nos. 3 and 4:

Defendant asserts that to the best of her knowledge and/or belief after conducting a good faith inquiry into the above captioned request that she is

> not in possession of any documents relating to the purchase of any of the computer devices that are in her care custody and/or control.

Plaintiff seeks production of documents associated with Defendant's purchase of Defendant's computer devices, modem, and wireless router. Defendant's response claims that she is not in possession of any such documents. However, Defendant "must produce responsive documents that are in its 'possession, custody or control,'…and not merely those documents that it has in its physical possession." *Access 4 All, Inc. v. W & D Davis Inv. Co., Ltd.*, 2007 WL 614091 at *3 (S.D. Ohio 2007). "The word 'control' is to be broadly construed. A party controls documents that it has the right, authority, or ability to obtain on demand." *Id.* The purchase of any computer device, modem, or router would be evidenced by receipts, credit card statements, or bank statements. These documents are in Defendant's possession, custody, or control because Defendant has the authority and ability to obtain them on demand. Therefore, Defendant must produce these documents.

### 3. **Defendant's Answer to Request No. 5 is Incomplete**

Plaintiff's Request No. 5:

All documents referring, relating to or comprising records associated with your use of a modem or wireless router, including any accompanying user guides, hand books, access codes, passwords, account information, guest account information, warning statements, or other information pertaining to the set up, use, and control of the wireless router or modem.

Defendant's Response to Request No. 5:

Defendant asserts that to the best of her knowledge and/or belief after conducting a good faith inquiry into the above captioned request that she is not in possession of any documents relating to the purchase of any of the computer devices that are in her care custody and/or control.

Plaintiff requested production of all documents associated with Defendant's use of her modem or wireless router. Defendant's response misses the mark because she states that she is

not in possession of any documents relating to the *purchase of the computer devices*. Plaintiff's request for production does not require documents associated with purchase of computer devices. Accordingly Defendant failed to respond to Plaintiff's request.

Plaintiff seeks production of documents pertaining to the capabilities of Defendant's computer devices, router, or modem and any default login information. When, as here, a router or modem is provided by the internet service provider, the router's default login information is typically affixed to the back or bottom of the device. This information is necessary in order to prove or disprove any claim by Defendant that her router was unsecured, which bears on defenses involving unauthorized access to Defendant's internet by neighbors or other interlopers. Defendant has the router in her possession and must produce the requested documents.

### C. **Plaintiff is Entitled to its Attorney's Fees and Costs Incurred as a Result of Defendant's Failure to Respond to Discovery Pursuant to Fed. R. Civ. P. 37(a)(5)(A)**

Pursuant to Fed. R. Civ. P. 37(a)(5)(A), if a movant's motion to compel is granted, the Court, after giving the party whose conduct necessitated the motion an opportunity to be heard, must require the party to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Such an award requires that the movant have attempted to obtain the discovery in good faith before court action. *See Spizizen v. Nat'l City Corp.*, 516 F. App'x 426, 431 (6th Cir. 2013).

Plaintiff has attempted in good faith to obtain Defendant's discovery responses. Plaintiff sent Defendant a detailed letter describing each of the deficiencies within Defendant's responses. Defendant has not demonstrated good cause for her failure to adhere to Rules 33 and 34 of the Federal Rules of Civil Procedure, and instead merely states that she stands by her objections.

Defendant's deficient responses are not substantially justified. As such, Plaintiff is entitled to its attorney's fees and costs associated with bringing this motion to compel.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court grant Plaintiff's Motion to Compel Defendant's Discovery Reponses, and award Plaintiff its reasonable attorney's fees and costs incurred as a result of Defendant's failure to respond.

**WHEREFORE,** Plaintiff, Malibu Media, LLC, respectfully requests entry of an Order:

(A)  Granting Plaintiff's Motion to Compel Defendant's Discovery Responses;

(B)  Compelling Defendant to serve upon counsel for Plaintiff within seven (7) days of the entry of its Order substantive responses to Plaintiff's First Set of Interrogatories and Request for Production;

(C)  Awarding Plaintiff its reasonable attorney's fees and costs pursuant to Fed. R. Civ. P. 37;

(D)  Holding that Defendant's failure to comply with the Court's Order Compelling substantive discovery responses shall result in the entry of a Default Judgment in Plaintiff's favor; and

(E)  Granting such other and further relief as this Court deems just and proper.

### GOOD FAITH CERTIFICATION

Plaintiff, by and through undersigned counsel, pursuant to Fed. R. Civ. P. 37(a)(1) and Local Rule 37-1, hereby certifies that on November 6, 2013, undersigned attempted to confer through a written letter sent to Defendant, in a good faith effort to resolve the issues raised by this Motion. To date, undersigned has not received Defendant's complete responses to Plaintiff's discovery requests. Pursuant to Local Rule 7-1, counsel for the parties conferred and

13

undersigned explained the nature of the motion and its legal basis and requested but did not obtain concurrence in the relief sought.

Dated:  December 27, 2013

Respectfully submitted,

NICOLETTI & ASSOCIATES, PLLC

By:   /s/ *Paul J. Nicoletti*
Paul J. Nicoletti, Esq. (P44419)
36880 Woodward Ave, Suite 100
Bloomfield Hills, MI 48304
Tel:  (248) 203-7800
Fax:  (248) 203-7801
E-Fax: (248) 928-7051
Email:  paul@nicoletti-associates.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 27, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:   /s/ *Paul J. Nicoletti*