**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| MALIBU MEDIA, LLC,  ) | Case No. 2:13-cv-12218 |
|   ) | Hon.  Nancy G. Edmunds |
| Plaintiff,  ) | |
| vs.  ) | |
|   ) | |
| APRIL HOUSE,  ) | |
|   ) | |
| Defendant.  ) | |

| | |
|---|---|
| PAUL J. NICOLLETTI  (P-44419) | JOHN T. HERMANN  (P-52858) |
| Attorney for Plaintiff | Attorney for Defendant |
| 36880 Woodward Ave, Suite 100 | 2684 West Eleven Mile Road |
| Bloomfield Hills, MI 48304 | Berkley, MI 48072 |
| (248) 203-7801 | (248) 591-9291 |

**DEFENDANT'S BRIEF IN RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**

I.   INTRODUCTION TO CASE

Plaintiff alleges that its copyrighted materials (i.e. pornographic video films) were "made available" for distribution through a series of BitTorrent transactions using a computer address assigned to Defendant's internet account. In support of its claims, Plaintiff asserts that since the infringing activity occurred on Mrs. House's internet account – she must therefore be the infringer. *(See Count I of Plaintiff's Complaint for Direct Infringement)* Alternatively, Plaintiff asserts that Mrs. House is liable for allowing others to utilize her internet connection to download and/or exchange their copyrighted materials. *(See Count I of Plaintiff's Complaint for Contributory Infringement)*

Beginning in October of 2012, thru April of 20013, Plaintiff's computer technicians identified an IP address as being involved in an internet "swarm" that was allegedly distributing its copyrighted works. Plaintiff relies on the declaration executed by Tobias Feiser (Docket Entry No. 3-1 ¶ 20) (hereinafter "the Feiser Declaration".) The Feiser Declaration, provides no information or details whatsoever as to how Plaintiff as opposed to someone else having access to her internet service committed a volitional act of copyright infringement. Accordingly, Plaintiff's claim of direct infringement is based on the assumption that Defendant is the _**actual**_ person who utilized the internet account for the aforementioned acts. Similarly, the Feiser Declaration fails to provide any information demonstrating Mr. House's knowledge or awareness of what was occurring over her internet account.

Throughout the course of discovery, Mr. House has provided an explanation that she was merely the accountholder and did not engage in any act of infringement nor was she aware of anyone else using her account to do so. Defendant has provided Plaintiff with a sworn affidavit and deposition testimony supporting her claims of non-involvement. In particular, Mrs. House testified she maintained a wireless internet system that was accessible by other individuals including friends and family members without a password. At her deposition, Ms. House attested that she had never utilized the referenced file exchange program and was unaware of anyone else using her internet connection to facilitate the download or exchange of Plaintiff's copyrighted works.

Mrs. House's has offered to produce her computer devices (subject to a protective order and e-discovery protocol). Plaintiff insists that the e-discovery protocol offered by Defendant is insufficient and that their expert should have unfettered access to all electronically stored data on the household computer devices which would include any and all online account information, e-

mail communications, web search history, online purchasing and/or viewing patterns, etc. Defendant maintains that an unrestricted search into all of the electronic data files is nothing more than a fishing expedition to annoy, embarrass and/or harass. Indeed, during Defendant's recent deposition, Plaintiff's counsel devoted the entirety of his examination to inquiries related to Mrs. House's financial assets, music tastes, television viewing habits, video rentals all of which are totally irrelevant to the issues at hand.

II.     FACTUAL BACKGROUND

On May 17, 2013, Plaintiff filed a complaint against a John Doe subscriber assigned to the Internet Protocol Address 69.14.181 based on its participating in a BitTorrent file sharing protocol "swarm*."(Plaintiff's Original Complaint ¶¶ 19-29)* Immediately after filing its complaint, Plaintiff filed its Motion for Leave for Early Discovery. In its motion, Plaintiff's asserted that the subpoenas were necessary so that Plaintiff may learn the actual identity of the alleged infringer who was only known by an internet protocol address. *(Plaintiff's Original Complaint ¶¶ 19-29)*

On May 22, 2013, the court granted Plaintiff's request to serve a third-party subpoena on Defendant's internet service provider. On May 30, 2012 counsel for Plaintiff served a third-party subpoena on Wide Open West. ("WOW") seeking the name and address of the registered accountholder on suggested capture date. In response, WOW produced records and information identifying April House as the registered accountholder for the IP address. On June 13, 2013, Mrs. House responded to claims asserted by Malibu Media and provided their local counsel with an exculpatory affidavit of non-involvement. On July 24, 2013, Plaintiff amended their complaint identifying Mrs. House as the Defendant.

On August 26, 2013, the court issued its scheduling order allowing the parties to engage in discovery up and until January 3, 2013. (Docket Entry No. 12) On August 28, 2013, Plaintiff submitted its first set of Interrogatory Questions and Request for Production of Documents. On September 18, 2013, Defendant provided its Verified Answers to Interrogatory Questions and responses to Plaintiff's Request for Production of Documents. On November 5, 2013, Plaintiff's counsel provided Defense Counsel with its notice of alleged deficiencies with regard to Defendant's prior discovery responses.

On November 6, 2013, Defendant's counsel provided its written response articulating its position with regard to the adequacy of the discovery responses. (Exhibit 1)  On November 7, 2013, Defendant's counsel supplemented its answers with regard to the make and model of the household computer devices along with the names and ages of the individuals who had access to the computer devices during the time in question.

> In connection with the above captioned case, I have enclosed additional information regarding your previous discovery requests relative to the computers and household members. Please note that the Desktop Computer is a Compaq CQ5000 Purchased at Microcenter (Est. Purchase date June 2012), I pad (First Generation) Purchased at Verizon Website (Est. Purchase date May 2010); Toshiba Laptop - Satellite L355-S7905 Purchased at Walmart (Est. Purchase May 2009). In addition the age of the previously identified household members are as follows: Jeff House (54) and Nicole Sylvester (27). I hope that this additional information satisfies the concerns raised in your recent letter. (Exhibit 2)

In its response to the alleged deficiencies Defendant offered to produce her household computer devices subject to a proposed protective order and non-disclosure agreement. (Exhibit 1) Paragraph 3, of the proposed protective order required Plaintiff to identify in advance the search and/or query terms that could be run on Defendant's computer hard drive. The reason for identifying the terms in advance was to allow Plaintiff to inquire into a narrow range of relevant data files and/or descriptors  that could yield information as to whether (1) computer devices had the file sharing software on the computer at any time, (2) whether the computer devices had the

identified copyrighted materials on the computer at any time; (3) whether any files containing either the file sharing software or copyrighted materials had been altered, modified, and/or deleted

In its motion, Plaintiff alleges that the following objections and/or responses to its interrogatory questions are insufficient:

> **Interrogatory No. 15:** Sought information regarding software programs that allowed BitTorrent to work on one or more of the household computer devices
>
> **Answer subject to Objection**: Notwithstanding said objection, Defendant asserts that to the best of her knowledge and/or belief after conducting a good faith inquiry into the above caption requests that a Torrent file program may have been utilized on one or more of the computer devices identified in response to interrogatory question number 4.
>
> **Response to Request for Concurrence:** Defendant continued to rely on its initial objections. Notwithstanding said objection, Defendant insisted that any information regarding her knowledge and familiarity of BitTorrent programs could be explored during her deposition (which was completed on January 2, 2014)
>
> **Answer via Deposition Testimony:** At her deposition, Ms. House testified that prior to being served with the John Doe Subpoena and/or Lawsuit she did not know what BitTorrent was, had not used the program, and was unfamiliar with how it worked. Upon learning of the allegations of the lawsuit she examined her computer devices and to the best of her knowledge did not find BitTorrent or any of the copyrighted files on any of the household computer devices assumed that it may have been on her computer without her knowledge or awareness based on the allegations in Plaintiff's complaint.
>
> **Interrogatory No. 21:** Sought information regarding every song, movie, game, or software program downloaded from a file sharing program.
>
> **Answer subject to Objection**: Notwithstanding said objection, Defendant asserts that to the best of her knowledge and/or belief after conducting a good faith inquiry into the above caption requests she has never downloaded any media content (i.e. audio, video, etc.) associated with Plaintiff's registered works nor has she utilized any file sharing programs.
>
> **Response to Request for Concurrence:** Defendant continued to rely on her initial objections. Notwithstanding said objection, Defendant insisted that any information regarding past downloading activity could be explored during her deposition (which was completed on January 2, 2014)
>
> **Answer via Deposition Testimony:** At her deposition, Ms. House testified that she has never used a file sharing program and has never downloaded any media content (i.e. movie, song, program, etc.) other than through a licensed commercial service such as WOW,

>Comcast, I-Tunes. Defendant denied ever downloading and/or viewing any media content owned by Plaintiff, using any file sharing program, or using a Torrent program.

Defendant continues to insist that she has as never used BitTorrent or any similar file sharing program, has never installed or utilized BitTorrent on any computer device, is unaware of anyone else using BitTorrent on any household computer device, examined each of the household computers and did not believe that BitTorrent or any other file sharing software program was on any of the computer devices. Accordingly, Defendant asserts that the prior interrogatory answers and/or deposition testimony are fully responsive to Plaintiff's discovery requests.

In its motion, Plaintiff alleges that the following objections and/or responses to the following document requests are insufficient:

>**Document Request No. 1 & 12:** Sought production of the computer hard drives for each of the devices including video game consoles in Defendant's possession.
>
>**Answer subject to Objection**: Upon entry and agreement of a suitable protective order and electronic discovery protocol Defendant agrees to produce and/or make available any household computer devices in her care custody and/or control for purposes of allowing Plaintiff and/or its forensic experts the opportunity to perform a mirror image copying of the hard drive for their inspection and review.
>
>**Response to Request for Concurrence:** With regard to the inspection of any of Ms. House's computer devices, I have attached a Stipulated Protective Order for the Production of any Computer Hard Drive Data along with a Non-Disclosure Agreement for your review. As part of the production protocol, I would like to know in advance who you intend use and include them as a signatory on the Protective Order. In addition, I would like to agree in advance of the examination a list of queried terms that would be utilized in examining any of the computer devices. The purpose of identifying the terms would be to limit the scope of the examination to key words and/or search terms that are related to the use of any Torrent sites and/or sharing of any of the enumerated works identified in the attachment to your complaint.

Defendant has offered access to the household computer systems to allow Plaintiff's expert to conduct a forensic examination. (Exhibit 1) The format proposed by Defendant allows Plaintiff's expert to analyze computer programing instructions, scripts, execution program, and/or downloads including the stored location of the data and/or allocation of the information in the event that the file and/or program was altered, deleted, or overwritten. Plaintiff's expert would be able to ascertain whether any programs, files had been utilized to overwrite or "wipe" any

information without having to first locate a file using a matching search term query. Accordingly, the proposed protective order would not restrict Plaintiff in conducting a proper examination of the computer devices.

**Document Request No. 3:** Sought information relating to the purchase of each household computer device.

**Answer subject to Objection:** Defendant asserts that to the best of her knowledge and/or belief after conducting a good faith inquiry into the above captioned request that she is not in possession of any documents relating to the purchase of any of the computer devices that are in her care custody and/or control

**Response to Request for Concurrence:** With regard to your request seeking production of documents (i.e. credit card statements, customer agreements, deeds, etc.) that are not in my client's possession, I stand by my objections at this point. I understand your position that this information may be helpful in ascertaining what if any programs and/or software may have been installed on her computer; however, I believe that the Ms. House's statements that she is not in possession of any of this information is sufficient. The issue in this case is whether Ms. House utilized a Torrent system to download the copyrighted videos identified in your complaint. Accordingly, a request seeking information about other computer programs she may have on her computer is not relevant at this point. As to any other individuals residing at her home location who may have had access to her internet connection, Ms. House has already identified those individuals by name.

**Answer via Deposition Testimony:** At her deposition, Ms. House reiterated that she was not in possession of any of the original documentation regarding the purchases of any of the computer devices.

**Document Request No. 4:** Sought information relating to the purchase of each modem or wireless router.

**Answer subject to Objection:** Defendant asserts that to the best of her knowledge and/or belief after conducting a good faith inquiry into the above captioned request that she is not in possession of any documents relating to the purchase of any of the computer devices that are in her care custody and/or control

**Response to Request for Concurrence:** With regard to your request seeking production of documents (i.e. credit card statements, customer agreements, deeds, etc.) that are not in my client's possession, I stand by my objections at this point. I understand your position that this information may be helpful in ascertaining what if any programs and/or software may have been installed on her computer; however, I believe that the Ms. House's statements that she is not in possession of any of this information is sufficient. The issue in this case is whether Ms. House utilized a Torrent system to download the copyrighted videos identified in your complaint. Accordingly, a request seeking information about other computer programs she may have on her computer is not relevant at this point. As to any other individuals residing

at her home location who may have had access to her internet connection, Ms. House has already identified those individuals by name.

**Answer via Deposition Testimony:** At her deposition, Ms. House testified that the modems/routers were installed and/or maintained by each of her respective internet service providers and not purchased or maintained by her. Accordingly there were no corresponding documents responsive to the request.

**Document Request No. 5:** Sought information relating installation, set up, maintenance, updates, and/or other information relating to the set-up, use, or control of the wireless router or modem

**Answer subject to Objection:** Defendant asserts that to the best of her knowledge and/or belief after conducting a good faith inquiry into the above captioned request that she is not in possession of any documents relating to the purchase of any of the computer devices that are in her care custody and/or control

**Response to Request for Concurrence:** With regard to your request seeking production of documents (i.e. credit card statements, customer agreements, deeds, etc.) that are not in my client's possession, I stand by my objections at this point. I understand your position that this information may be helpful in ascertaining what if any programs and/or software may have been installed on her computer; however, I believe that the Ms. House's statements that she is not in possession of any of this information is sufficient. The issue in this case is whether Ms. House utilized a Torrent system to download the copyrighted videos identified in your complaint. Accordingly, a request seeking information about other computer programs she may have on her computer is not relevant at this point. As to any other individuals residing at her home location who may have had access to her internet connection, Ms. House has already identified those individuals by name.

**Answer via Deposition Testimony:** At her deposition, Ms. House testified that the modems/routers were installed and/or maintained by each of her respective internet service providers. All network setting, account information, or other information regarding the set-up of the router or modem was performed by her internet service provider. Accordingly there were no corresponding documents responsive to the request.

Defendant continues to insist that she is not in possession of any information relative to the installation, operation and/or set up of her modem/router. It is axiomatic, that Defendant cannot produce information or knowledge that she does not possess. Accordingly, Defendant asserts Accordingly, Defendant asserts that the prior responses and/or deposition testimony are fully responsive to Plaintiff's discovery requests.

WHEREFORE, Defendant, April House, requests that this deny Plaintiffs requests and enter an order imposing sanctions against Plaintiffs for filing and/or maintaining vexatious proceedings in violation of 28 U.S.C. §1927.

Dated: January 3, 2014                    s/ John T. Hermann
                                                                JOHN T. HERMANN (P-52858)
                                                                Attorney for Defendant
                                                                2684 West Eleven Mile
                                                                Berkley, MI 48072
                                                                (248) 591-9291

## **CERTIFICATE OF ELECTRONIC SERVICE**

I hereby certify that I electronically filed the foregoing paper with the Clerk of the Court with the ECF system which will send notification of each filing to the following:

Paul J. Nicoletti, Esq.

Dated: January 3, 2014                s/ John T. Hermann
                                      JOHN T. HERMANN (P-52858)
                                      Attorney for Defendant
                                      2684 West Eleven Mile
                                      Berkley, MI 48072
                                      (248) 591-9291

INDEX OF EXHIBITS

| Identifier | Title |
|---|---|
| 1 | Proposed Protective Order and Non-Disclosure Agreement |
| 2 | Correspondence Dated November 7, 2013 |