UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | Case No. 2:13-cv-12218 |
| ) | Hon. Nancy G. Edmunds |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| APRIL HOUSE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

| | |
|---|---|
| PAUL J. NICOLLETTI  (P-44419) | JOHN T. HERMANN  (P-52858) |
| Attorney for Plaintiff | Attorney for Defendant |
| 36880 Woodward Ave, Suite 100 | 2684 West Eleven Mile Road |
| Bloomfield Hills, MI 48304 | Berkley, MI 48072 |
| (248) 203-7801 | (248) 591-9291 |

**DEFENDANT'S BRIEF IN RESPONSE TO PLAINTIFF'S
MOTION TO ADJOURN DISCOVERY**

I.   INTRODUCTION TO CASE

Plaintiff alleges that its copyrighted materials (i.e. pornographic video films) were "made available" for distribution through a series of BitTorrent transactions using a computer address assigned to Defendant's internet account. In support of its claims, Plaintiff asserts that since the infringing activity occurred on Mrs. House's internet account – she must therefore be the infringer. *(See Count I of Plaintiff's Complaint for Direct Infringement)* Alternatively, Plaintiff asserts that Mrs. House is liable for allowing others to utilize her internet connection to download and/or exchange their copyrighted materials. *(See Count I of Plaintiff's Complaint for Contributory Infringement)*

Beginning in October of 2012, thru April of 20013, Plaintiff's computer technicians identified an IP address as being involved in an internet "swarm" that was allegedly distributing its copyrighted works. Plaintiff relies on the declaration executed by Tobias Feiser (Docket Entry No. 3-1 ¶ 20) (hereinafter "the Feiser Declaration".) The Feiser Declaration, provides no information or details whatsoever as to how Plaintiff as opposed to someone else having access to her internet service committed a volitional act of copyright infringement. Accordingly, Plaintiff's claim of direct infringement is based on the assumption that Defendant is the ***actual*** person who utilized the internet account for the aforementioned acts. Similarly, the Feiser Declaration fails to provide any information demonstrating Mr. House's knowledge or awareness of what was occurring over her internet account.

Throughout the course of discovery, Mr. House has provided an explanation that she was merely the accountholder and did not engage in any act of infringement nor was she aware of anyone else using her account to do so. Defendant has provided Plaintiff with a sworn affidavit and deposition testimony supporting her claims of non-involvement. In particular, Mrs. House testified she maintained a wireless internet system that was accessible by other individuals including friends and family members without a password. At her deposition, Ms. House attested that she had never utilized the referenced file exchange program and was unaware of anyone else using her internet connection to facilitate the download or exchange of Plaintiff's copyrighted works.

Mrs. House's has offered to produce her computer devices (subject to a protective order and e-discovery protocol). Plaintiff insists that the e-discovery protocol offered by Defendant is insufficient and that their expert should have unfettered access to all electronically stored data on the household computer devices which would include any and all online account information, e-

mail communications, web search history, online purchasing and/or viewing patterns, etc. Defendant maintains that an unrestricted search into all of the electronic data files is nothing more than a fishing expedition to annoy, embarrass and/or harass. Indeed, during Defendant's recent deposition, Plaintiff's counsel devoted the entirety of his examination to inquiries related to her financial assets, music tastes, television viewing habits, video rentals - all of which are irrelevant to the issues at hand.

II.     FACTUAL BACKGROUND

On May 17, 2013, Plaintiff filed a complaint against a John Doe subscriber assigned to the Internet Protocol Address 69.14.181 based on its participating in a BitTorrent file sharing protocol "swarm*."(Plaintiff's Original Complaint ¶¶ 19-29)* Immediately after filing its complaint, Plaintiff filed its Motion for Leave for Early Discovery. In its motion, Plaintiff's asserted that the subpoenas were necessary so that Plaintiff may learn the actual identity of the alleged infringer who was only known by an internet protocol address. *(Plaintiff's Original Complaint ¶¶ 19-29)*

On May 22, 2013, the court granted Plaintiff's request to serve a third-party subpoena on Defendant's internet service provider. On May 30, 2012 counsel for Plaintiff served a third-party subpoena on Wide Open West. ("WOW") seeking the name and address of the registered accountholder on suggested capture date. In response, WOW produced records and information identifying April House as the registered accountholder for the IP address. On June 13, 2013, Mrs. House responded to claims asserted by Malibu Media and provided their local counsel with an exculpatory affidavit of non-involvement. On July 24, 2013, Plaintiff amended their complaint identifying Mrs. House as the Defendant.

On August 26, 2013, the court issued its scheduling order allowing the parties to engage in discovery up and until January 3, 2013. (Docket Entry No. 12) On August 28, 2013, Plaintiff submitted its first set of Interrogatory Questions and Request for Production of Documents. On September 18, 2013, Defendant provided its Verified Answers to Interrogatory Questions and responses to Plaintiff's Request for Production of Documents identifying the name of the individuals who may have had access to her home internet connection including but not limited to Jeffery House (defendant's husband) and Nicole Sylvester (defendant's daughter)

On December 26, 2013, Plaintiff e-mailed Defense counsel a deposition notice for April House with a request produce Mrs. House on January 2, 2014 at 1:00 p.m. The date was selected unilaterally without input from Defense counsel or the witness. Plaintiff also attached an e–mail copy of subpoenas seeking to compel the attendance of Jeffrey House and Nicole Sylvester for the same date and/or time. (i.e. January 2, 2014)[1] On December 31, 2013, counsel for Defendant informed Plaintiff's counsel that Mrs. House *would* be available on January 2, 2014 at 1:00 p.m. despite the untimeliness of the notice. Defense counsel indicated that he did not believe that the third-party witnesses had been properly served nor did he represent them. On January 2, 2014, Mrs. House appeared for her deposition and responded to Plaintiff's counsel's questions under oath.[2]

In its motion, Plaintiff alleges that discovery should be extended in order to allow the depositions of other household members *and* to allow for the digital inspection of any and all household computer devices. To the extent that the court may consider extending discovery, Defendant asserts that any extension should be limited to the issues that were timely raised

---

[1] The subpoenas dated December 26, 2013, represented Plaintiff's first attempt to secure the deposition testimony of Mr. House and Mrs. Sylvester.

[2] Neither of the third-party witnesses appeared on January 2, 2014.

during the discovery period (i.e. issues relating to the inspection of any household computer devices) Plaintiff was aware of the name address and identity of other household residents living in Mrs. House's domicile and inexplicably waited eight days before the close of discovery before attempting to compel their deposition testimony.

      WHEREFORE, Defendant, April House, requests that the court deny its request for an extension of discovery. Should the court be inclined to extend discovery, Defendant request that the extension only be allowed for matters that were timely raised during the discovery period.

Dated: January 3, 2014

s/ John T. Hermann
JOHN T. HERMANN (P-52858)
Attorney for Defendant
2684 West Eleven Mile
Berkley, MI 48072
(248) 591-9291

## CERTIFICATE OF ELECTRONIC SERVICE

  I hereby certify that I electronically filed the foregoing paper with the Clerk of the Court with the ECF system which will send notification of each filing to the following:

       Paul J. Nicoletti, Esq.

Dated: January 3, 2014          s/ John T. Hermann
                  JOHN T. HERMANN (P-52858)
                  Attorney for Defendant
                  2684 West Eleven Mile
                  Berkley, MI 48072
                  (248) 591-9291