UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | |
| ) | |
| Plaintiff, ) | Civil Case No. 2:13-cv-12218 |
| ) | |
| v. ) | Judge Nancy G. Edmunds |
| ) | |
| APRIL HOUSE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**STIPULATED PROTECTIVE ORDER FOR PRODUCTION
OF DATA ON DEFENDANT'S COMPUTER HARD DRIVES**

Plaintiff, Malibu Media, LLC ("Plaintiff") has propounded requests to Defendant, April House ("Defendant") to produce for inspection all of Defendant's computer device hard drives that were at her residence during the applicable period of recorded infringement.

The parties stipulate and agree to the terms set forth below in order to protect privileged and non-relevant information on the Defendant's hard drives while allowing Plaintiff access to any relevant non-privileged information.

1. Plaintiff will engage the services of Patrick Paige ("Mr. Paige") to perform the imaging, extraction, investigation, and examination of relevant non-privileged data from each of the hard drives identified in Defendant's response to prior document requests.

2. Defendant represents and warrants that all computer device hard drives, video game consoles, and electronic storage devices (collectively, the "hard drives") in use at her residence during the applicable period of recorded infringement will be made available to Mr. Patrick Paige for imaging. The applicable period of recorded infringement is from June 12, 2012 through May 30, 2013.

1

3. In order to obtain the requested information, Mr. Paige will produce a "clone" or "image" of each hard drive identified in Defendant's response to prior document requests using industry-standard software.

6. Mr. Paige will then ascertain if a peer-to-peer client or Plaintiff's copyrighted works are on any of the "mirrored" or "imaged" hard drives. If not, Mr. Paige will continue to search the "mirrored" or "imaged" hard drives for evidence of deletions or spoliation. Mr. Paige will perform a search of the "mirrored" or "imaged" hard drives for torrent files, torrent file fragments, files pertaining to a peer-to-peer client, web history relating to BitTorrent activity, and evidence that significant alterations have been made to the hard drives consistent with the deletion or suppressing of evidence and any other actions that may be necessary to determine if significant alterations have been made to the hard drives consistent with the deletion of evidence.

7. After completing its search of Defendant's "mirrored" or "imaged" hard drives, Mr. Paige shall disclose whether or not he found any relevant documents. If so, he will provide the information to Plaintiff's counsel. Determination as to the form, foundation, and admissibility of the information will be made by the judge and or magistrate prior to trial.

8. In order to ensure that any privileged information will be protected, Mr. Paige will be informed that John T. Hermann represents the Defendant in this matter, and will segregate all potentially attorney-client privileged or attorney-work product from his search results. Mr. Paige will not disclose any such privileged information to Plaintiff and/or its attorneys.

9. The parties expressly agree that neither Mr. Paige's review of privileged information, nor any inadvertent disclosure thereof will constitute a waiver of any privilege by Defendant.

10. Mr. Paige will disclose to Plaintiff's counsel whether or not he found potentially privileged information. If Plaintiff's counsel directs, Mr. Paige will provide this information to

Defendant's counsel, who will determine whether Defendant wishes to assert a claim of privilege to the information. Plaintiff reserves the right to move the Court for an *in camera* inspection of any information whose privileged status it disputes.

11. If Mr. Paige's search reveals information or data that cannot be reproduced into paper documents (i.e. computer programming instructions, scripts, execution programs, downloads, etc.) he may provide a printout of the matching files and/or data which will be supplied to Plaintiff's counsel. Determination as to the form, foundation, and admissibility of the printout information will be made by the judge and or magistrate prior to trial.

12. If Mr. Paige's search reveals relevant information or data matching the above search criteria, he shall be allowed to disclose the stored location of the data and/or the allocation format of the information. Determination as to the form, foundation, and admissibility of the location and/or allocation format of the information will be made by the judge and or magistrate prior to trial.

13. The parties agree that Mr. Paige's initial analysis shall be limited to the steps set forth in this Order, plus an analysis of the location of files discovered in performing those steps. No further analysis shall be performed without the agreement of the parties or Court Order.

14. The parties agree that the search of all Defendant's "mirrored" or "imaged" hard drives shall be limited to the manner described above and that there shall be no modification or deviation of the methods of data extraction without prior written agreement of the parties or order of the court.

IT IS SO ORDERED.

                                                s/Nancy G. Edmunds
                                                Nancy G. Edmunds
                                                United States District Judge

Dated: February 11, 2014