UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALIBU MEDIA, LLC,

    Plaintiff,

v.

APRIL HOUSE,

    Defendant.
                                    /

Case No. 13-12218

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT [26] AND CANCELLING APRIL 2, 2014 HEARING**

This copyright infringement matter comes before the Court on Plaintiff's motion to amend its complaint.  Plaintiff seeks leave to add Defendant's husband as a Defendant, to add a direct copyright infringement claim against him, and to amend its claim against Plaintiff to that of contributory infringement [26].  Plaintiff explains that, as this litigation has progressed, it has established a good faith basis to believe that Defendant's husband, who resides with Defendant, is a direct infringer of Plaintiff's copyrights.  Plaintiff further explains that discovery supports a contributory infringement claim against Defendant April House for inducing, causing, or materially contributing to the infringement of her husband.  Defendant opposes Plaintiff's motion, arguing that any amendment would be futile.  Being fully advised in the premises, having read the pleadings, and for the reasons stated below, Plaintiff's motion is GRANTED.

Although this matter is scheduled to be heard on April 2, 2014, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. L.R. 7.1(f)(2).

## I.      Standard of Review - Rule 15(a) Motion for Leave to Amend

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend is freely granted where justice so requires. However, a motion to amend a Complaint should be denied if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile. See Foman v. Davis, 371 U.S. 178 (1962). Prejudice may result from delay, but "[d]elay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." Brooks v. Celeste, 39 F.3d 125, 130 (6th Cir. 1994) (citing Head v. Jellico Hous. Auth., 870 F.2d 1117, 1123 (6th Cir. 1989) (quoting Hagerman v. Signal L.P. Gas, Inc., 486 F.2d 479, 484 (6th Cir. 1973))).

Defendant argues here that Plaintiff's proposed amendment would be futile. "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." Riverview Health Inst., LLC v. Med. Mut. of Ohio, 601 F.3d 505, 512 (6th Cir. 2010) (quoting Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 420 (6th Cir. 2000)).

## II.     Analysis

This is one of many cases brought by Plaintiff Malibu Media LLC and other copyright holders across the country, "including a number of copyright holders of pornographic works" like Plaintiff who "have recently been attempting to crack down on alleged infringement." Malibu Media LLC v. John Doe, No. 13-12178, 2013 WL 3945978, *2 (E.D. Mich. 2013) (Ludington, J.)  Plaintiff "is *not* what has been referred to in the media and legal

publications, and in the internet blogosphere, as a 'copyright troll' -- i.e., a nonproducer who merely has acquired the right to bring lawsuits against alleged infringers. Rather, Malibu is an actual producer of adult films and owns valid copyrights, registered with the United States Copyright Office, in its works," and "[a] number of Plaintiff's copyrighted works have evidently been making the rounds on BitTorrent." *Id.* at *2-3 (internal quotation marks and citations omitted). This copyright infringement lawsuit against Defendant is Plaintiff's attempt "to put a stop to it." *Id.* at *3.

"In order to establish copyright infringement, the plaintiff must prove: (1) ownership of a valid copyright; and (2) copying by the defendant of the protectable elements of the plaintiff's work." *Smith v. Muscle Shoals Sounds*, 52 F. App'x 715, 716 (6th Cir. 2002). Construing the allegations in Plaintiff's proposed amended complaint as true, this Court finds that Plaintiff has stated a *prima facie* case of direct copyright infringement against Defendant's husband, Jeffrey House. As to the first element, it is alleged that "Plaintiff is the registered owner of the copyrights set forth on Exhibit B (the 'Copyrights-in-Suit.')." (Proposed Am. Compl., ¶ 18, 42.) Plaintiff's Exhibit B contains the registration numbers, dates of first publication, registration dates, and most recent hit date for each of the Copyrights-in-Suit. As to the second element, it is alleged that Defendant's husband, Jeffrey House, infringed constituent elements of Plaintiff's original works – "[b]y using BitTorrent, Defendant Jeffrey House copied . . . the constituent elements of each of the original works covered by the Copyrights-in-Suit," and he did so without Plaintiff's authorization. (*Id.* at ¶¶ 43-44.) Moreover, the factual allegations in Plaintiff's proposed amended complaint describe in detail how Plaintiff determined that Defendant's IP address infringed its copyrighted movies by using the BitTorrent file sharing protocol and how

3

Plaintiff determined that, "as between the three residents of Defendant's household – which includes Defendant April House, Defendant Jeffrey House, and Defendants' adult daughter – Defendant Jeffrey House is the only one with the means, *motive*, and opportunity to commit the infringement alleged." (*Id.* at ¶¶ 16-30, 38 (emphasis in original).)

To state a claim for contributory infringement, "a plaintiff must allege: (1) direct copyright infringement by a third-party; (2) knowledge by the defendant that the third-party was directly infringing; and (3) defendant's material contribution to the infringement." *NCR Corp. v. Korala Assoc. Ltd.*, 512 F.3d 807, 816 (6th Cir. 2008) (internal quotation marks and citation omitted). "And with respect to the element of knowledge, contributory liability requires that the secondary infringer know or have reason to know of the direct infringement." *Id.* (internal quotation marks and citations omitted). Construing the allegations in Plaintiff's proposed amended complaint as true, this Court finds that Plaintiff has stated a *prima facie* case of contributory infringement against Defendant April House. As the Sixth Circuit observed in *Estate of Barney v. PNC Bank, Nat'l Assoc.,* 714 F.3d 920, 924-25 (6th Cir. 2013), "[a] claim is plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal quotations and citations omitted).

As to Defendant April House, Plaintiff's proposed amended complaint alleges (1) direct copyright infringement by her husband Jeffrey House (*see* above-cited paragraphs); (2) that Defendant April House "knew or should have known that her husband was downloading copyrighted works illegally; and (3) that she knowingly allowed him to continue using their internet access to do so (*id.* at ¶¶ 31, 50). Specifically, the proposed amended complaint alleges that Defendant April House "was the internet account holder assigned

4

the IP address . . . on April 13, 2013, one date on which the infringement was detected (*id.* at ¶ 49); and describes in detail both her's and her husband's regular use of BitTorrent to download Plaintiff's copyrighted works via that IP address (*id.* at ¶¶ 16-38).  This is sufficient to state a plausible claim of contributory infringement against Defendant April House.

### III.  Conclusion

For the above-stated reasons, Plaintiff's motion for leave to amend is GRANTED.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  March 5, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 5, 2014, by electronic and/or ordinary mail.

s/Johnetta M. Curry-Williams
Case Manager
Acting In Absence of Carol A. Hemeyer